ANDRÉ BIROTTE JR.
United States Attorney                                         JS-6
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
PIO S. KIM
Assistant United States Attorney
California Bar No. 156679
    U.S. Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, CA 90012
    Telephone: (213)894-2589
    Facsimile: (213)894-7177
    E-mail: Pio.Kim@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 10-02285 PA (PLAx) |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT** |
| $546,596.00 IN U.S. CURRENCY, | |
| Defendant. | |

    In this action, plaintiff United States of America (the "government") alleges that the defendant $546,596.00 in U.S. Currency (the "defendant currency") is subject to forfeiture (1) pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in one or more exchanges for a controlled substance or listed chemical in violation of 21 U.S.C. § 841 *et seq.*, and/or constitutes proceeds traceable to such an exchange and (2) pursuant to 18 U.S.C. § 981(a)(1)(A) on

the ground that it constitutes property involved in one or more transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and 1957.  Potential claimants Virgilio Gomez Munoz, Claudia Munoz and Pavi, Inc. (collectively, the "claimants") claim an interest in the defendant currency.

The parties have agreed to settle this forfeiture action and to avoid further litigation by entering into this consent judgment.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties, HEREBY ORDERS, ADJUDGES, AND DECREES:

1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2.   The Complaint states claims for relief pursuant to 21 U.S.C. §§ 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

3.   Notice of this action has been given as required by law.  No appearance has been made in this action by any person, and the time to file claims and answers has expired.

4.   $300,000.00 of the defendant $546,596.00 in U.S. Currency and any interest accrued thereon shall be forfeited to the United States, which shall dispose of the same accordingly to law.  The Court deems that all potential claimants other than the claimants admit the allegations of the Complaint to be true, and hereby enters default against all such potential claimants.

5.   The remaining $246,596.00 and any interest accrued thereon shall be returned to the claimants within 6 weeks of the entry of this Consent Judgment.

6.   The claimants hereby release the United States of

America, the State of California, all counties, municipalities and cities within the State of California, and their agencies, departments, offices, agents, employees and officers, including, but not limited to, the United States Attorney's Office, the Drug Enforcement Administration, and their employees and agents, from any and all, known or unknown, claims, causes of action, rights, and liabilities, including, without limitation, any claim for attorney's fees, costs, or interest which may be now or later asserted by or on behalf of the claimants, arising out of or related to this action or to the seizure or possession of the defendant currency.  The claimants represent and agree that they have not assigned and are the rightful owners of such claims, causes of action and rights.  The claimants further represent that to their knowledge, they are the only persons with any interest in the defendant currency.  Potential claimants Virgilio Gomez Munoz and Claudia Munoz also represent that each of them has the power and authority to enter into this Consent Judgment on behalf of potential claimant Pavi, Inc.

7.   The claimants also agree to hold harmless and indemnify the United States, the United States Attorney's Office and the Drug Enforcement Administration and their employees from all claims by any third parties to the $246,596.00 and any interest accrued thereon being returned to the claimants.

8.   The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

/ / /

9. The parties shall each bear their own attorney's fees and other costs and expenses of litigation.

DATED: July 1, 2010          _____
                             UNITED STATES DISTRICT JUDGE

CONSENT

The parties consent to judgment and waive any right of appeal.

DATED: _____, 2010       ANDRÉ BIROTTE JR.
                             United States Attorney
                             CHRISTINE C. EWELL
                             Assistant United States Attorney
                             Chief, Criminal Division
                             STEVEN R. WELK
                             Assistant United States Attorney
                             Chief, Asset Forfeiture Section

                             ____/s/_____
                             PIO S. KIM
                             Assistant United States Attorney

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA


DATED: _____, 2010       ____/s/_____
                             VIRGILIO GOMEZ MUNOZ
                             Potential Claimant


DATED: _____, 2010       ____/s/_____
                             CLAUDIA MUNOZ
                             Potential Claimant


DATED: _____, 2010       ____/s/_____
                             PAVI, INC.
                             Potential Claimant


Approved as to form and content.


DATED: _____, 2010       ____/s/_____
                             BRADLEY WM. BRUNON
                             Attorney for Potential Claimants
                             Virgilio Gomez Munoz, Claudia Munoz
                             and Pavi, Inc.

4